1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FREDERICK E. LEONARD,                        No.  2:19-cv-2594 AC P

12                  Plaintiff,

13         v.                                     ORDER

14   ZUNIGA, et al.,

15                  Defendants.

16

17         Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  ECF Nos. 1,

19   2.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

20   636(b)(1)(B).

21         For the reasons stated below, plaintiff's application to proceed in forma pauperis will be

22   granted.  Plaintiff will also be given the opportunity to amend the complaint.

23   I.      IN FORMA PAUPERIS APPLICATION

24         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

25   1915(a).  See ECF Nos. 2, 6.  Accordingly, the request to proceed in forma pauperis will be

26   granted.

27         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

28   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

1

1  accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

2  the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

3  forward it to the Clerk of Court.  Thereafter, plaintiff will be obligated for monthly payments of

4  twenty percent of the preceding month's income credited to plaintiff's prison trust account.

5  These payments will be forwarded by the appropriate agency to the Clerk of Court each time the

6  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

7  1915(b)(2).

8  II.     SCREENING REQUIREMENT

9       The court is required to screen complaints brought by prisoners seeking relief against a

10  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

11  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

12  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

13  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).

14       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

15  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

16  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

17  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

18  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

19  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

20  Cir. 1989); Franklin, 745 F.2d at 1227.

21       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

22  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

23  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

24  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

25  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

26  this standard, the court must accept as true the allegations of the complaint in question, Hosp.

27  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

28  ////

2

most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, <u>Jenkins v.</u>
<u>McKeithen</u>, 395 U.S. 411, 421 (1969).

III.    <u>PLEADING STANDARD</u>

A.    <u>Generally</u>

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or
immunities secured by the Constitution and laws of the United States." <u>Wilder v. Virginia Hosp.</u>
<u>Ass'n</u>, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source
of substantive rights, but merely provides a method for vindicating federal rights conferred
elsewhere.  <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements:  (1)
that a right secured by the Constitution or laws of the United States was violated and (2) that the
alleged violation was committed by a person acting under the color of state law.  <u>See West v.</u>
<u>Atkins</u>, 487 U.S. 42, 48 (1988); <u>Ketchum v. Alameda Cty.</u>, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the
pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell</u>
<u>Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual
matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Id.</u>  Facial
plausibility demands more than the mere possibility that a defendant committed misconduct and,
while factual allegations are accepted as true, legal conclusions are not.  <u>Id.</u> at 677-78.

B.    <u>Linkage Requirement</u>

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate
that each defendant personally participated in the deprivation of his rights.  <u>See Jones v.</u>
<u>Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  There must be an actual connection or link between
the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>
<u>Ortez v. Washington County, State of Oregon</u>, 88 F.3d 804, 809 (9th Cir. 1996); <u>see also</u> <u>Taylor</u>
<u>v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

3

IV.     PLAINTIFF'S COMPLAINT

Plaintiff names Correctional Officer Zuniga, Correctional Sergeant Griffith and Correctional Lieutenant Williams of Solano State Prison[1] as defendants in this action.  See ECF No. 1 at 1-2.  Plaintiff claims that a number of his constitutional rights were violated[2] when, in July 2019, after apparently unannounced modifications to prison law library access were made,[3] defendant Zuniga confiscated his legal materials.[4]  See id. at 3.  When superior officers defendants Griffiths and Williams were told what defendant Zuniga had done, they did nothing to assist plaintiff in retrieving his legal materials.  See id. at 3-5.  Because of defendants' actions and inaction, plaintiff was deprived of his legal materials for five hours.  See ECF No. 1 at 3.  As a result, he was unable to do important research on legal matters for several of his open civil and criminal cases.  See id. at 3-5.  He seeks punitive, compensatory, and nominal damages in the amount of $50,000.00.  See id. at 6.

V.      DISCUSSION

A.    Defendant Zuniga

Plaintiff's allegations regarding defendant Zuniga fail to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A(b)(1).  This is because the temporary deprivation of an inmate's legal materials does not generally rise to the level of a constitutional deprivation.  See

[1]  Plaintiff is currently housed at California State Prison – Sacramento.  See ECF No. 9.
[2]  For example, in Claim One, plaintiff alleges that his right to privacy under the Fourth Amendment, his right to access to the courts and his freedom from retaliation under the First Amendment and his right to procedural due process under the Fourteenth Amendment were violated.  See ECF No. 1 at 3.  He also raises deliberate indifference and/or failure to act arguments in Claims Two and Three.  See id. at 4-5.
[3]  It is unclear what plaintiff means when he writes, "I was told by Sgt. 'Lopez' to remove my belonging because he personaly 'modified' a 'no library (law) 'modification'."  See ECF No. 1 at 3 (quotation marks in original) (errors in original).  Should plaintiff choose to amend the complaint, he must clarify this statement, indicating precisely what Sgt. Lopez did and how, if at all, his actions affected his ability to access the law library and/or his legal materials.
[4]  Plaintiff asserts that another inmate's legal materials were also taken from him.  See ECF No. 1 at 3-5.  In so doing, to the extent plaintiff may also be attempting to assert violations of right on behalf of other inmates, he is unable to do so.  A litigant appearing in propria persona has no authority to represent anyone other than himself.  See Church of the New Testament v. United States, 783 F.2d 777, 774 (9th Cir. 1986) (citing Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962)); see also McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966).

1   Vigliotto v. Terry, 873 F.2d 1201, 1202-1203 (9th Cir. 1989) (referencing Tyler v. "Ron" Deputy

2   Sheriff or Jailor/Custodian of Prisoners, 574 F.2d 427, 429 (8th Cir. 1973) which held deprivation

3   of plaintiff's legal materials for several hours did not state claim for relief under Section 1983);

4   see also Holloway v. Dobbs, 715 F.2d 390, 392 (8th Cir. 1983) (per curiam) (finding plaintiff's

5   access to courts argument failed to state claim because legal materials were eventually returned).

6          To establish a violation of the right of access to courts, a prisoner must establish that he

7   has suffered an actual injury. Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir.

8   2011) (citation omitted). Actual injury is a jurisdictional requirement that flows from the

9   standing doctrine and may not be waived. See id. (citation omitted). "It is actual prejudice with

10  respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to

11  present a claim" (Greene, 648 F.3d at 1018 (citation omitted)) that constitutes actionable injury.

12  Here, plaintiff has not presented any facts showing that he five-hour deprivation of legal materials

13  caused a concrete harm. See generally ECF No. 1. Instead, he simply states that he "lost

14  valuable time" to research "very important litigation." See id. at 6; see generally id. at 3-5. This

15  is insufficient to state a claim.

16         In light of the above, plaintiff has not stated a cognizable claim against defendant Zuniga.

17  However, because plaintiff may be able to provide more facts that would render a claim viable,

18  plaintiff will be given the opportunity to amend.

19         B.   Defendants Griffith and Williams

20         Plaintiff's claims against defendants Griffith and Williams are also insufficient to proceed.

21  Supervisors are not liable under section 1983 for the acts of their subordinates. If plaintiff is able,

22  on amendment, to present facts showing that Zuniga caused a concrete injury to plaintiff's access

23  to the courts, he will be able to state a similar claim against Griffith and Williams only if he can

24  present facts showing that each of them played an active role in the deprivation—a role that goes

25  beyond their roles as mere supervisors of defendant Zuniga. Accordingly, plaintiff will be given

26  the opportunity to amend this claim as well.

27  ////

28  ////

1    VI.    OPTIONAL LEAVE TO AMEND

2            Plaintiff is being given the opportunity to amend the complaint.  If plaintiff chooses to file

3    an amended complaint, it will take the place of the original complaint.  See Lacey v. Maricopa

4    Cty., 693 F.3d 896, 925 (2012) (stating amended complaint supersedes original complaint).  Any

5    amended complaint should observe the following:

6            An amended complaint must identify as a defendant only persons who personally

7    participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson

8    v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a

9    constitutional right if he does an act, participates in another's act or omits to perform an act he is

10   legally required to do that causes the alleged deprivation).

11           An amended complaint must also contain a caption including the names of all

12   defendants. Fed. R. Civ. P. 10(a).  Plaintiff may not change the nature of this suit by alleging

13   new, unrelated claims.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

14           Any amended complaint must be written or typed so that it is complete in itself without

15   reference to any earlier filed complaint.  See L.R. 220 (E.D. Cal. 2009).  This is because an

16   amended complaint supersedes any earlier filed complaint, and once an amended complaint is

17   filed, the earlier filed complaint no longer serves any function in the case.  See Loux v. Rhay, 375

18   F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being

19   treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693

20   F.3d 896 (2012).

21   VII.   PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

22           You are being given the opportunity to amend your complaint because you have not

23   provided sufficient facts to show that you were actually harmed when defendant Zuniga

24   confiscated your legal materials.  In the amended complaint, you must provide this information.

25           In addition to not stating how you were harmed by defendant Zuniga's actions, you have

26   not shown that defendants Griffith and Williams were actively involved in depriving you of your

27   legal materials and how this also harmed you.  The fact that they were supervising defendant

28   Zuniga at the time he confiscated your legal documents, and did nothing to help you get them

                                                    6

1   back when you reported him to them, is not enough to state a claim.  If you file an amended

2   complaint, you may provide more information to support this claim as well.

3         Accordingly, IT IS HEREBY ORDERED that:

4       1.   Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

5       2.   Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

6   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

7   1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

8   appropriate agency filed concurrently herewith;

9       3.   Plaintiff's complaint (ECF No. 1) fails to state a claim upon which relief may be

10  granted (see 28 U.S.C. § 1915A(b)(1)) and will not be served; and

11      4.   Within thirty days of the date of service of this order, plaintiff shall file a first

12  amended complaint.  Failure to file an amended complaint within the time allotted may result in

13  the dismissal of this action for failure to prosecute.

14  DATED: July 6, 2020

15

16  ALLISON CLAIRE

17  UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28