UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK E. LEONARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ZUNIGA, et al.,<br><br>　　　　Defendants. | No.  2:19-cv-2594 AC P<br><br><br>ORDER |

  Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Plaintiff's first amended complaint ("FAC"), ECF No. 16, is before the court for screening.

  I.  SCREENING REQUIREMENT

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).

  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## II. FIRST AMENDED COMPLAINT

The FAC alleges that on July 11, 2019, at California State Prison – Solano, Officer Zuniga, Sergeant Griffith, and Lieutenant Williams violated plaintiff's constitutional rights by confiscating his legal materials and preventing him from entering the prison library for a five-hour period, causing plaintiff to miss a deadline in another civil rights case that was pending in the Ninth Circuit. ECF No. 16 at 3-5.

Claim One is stated against Officer Zuniga. It alleges that Zuniga took plaintiff's legal materials from him and told him that there was no law library morning program that day, which was not true. Id. at 3. Claim Two is stated against Lt. Williams and Claim Three against Sgt. Griffith, both on grounds of "failure to act." Id. at 4, 5. Plaintiff alleges that when he reported Zuniga's actions to Griffith and Williams, both of whom were defendant Zuniga's supervisors, they did nothing to facilitate the return of plaintiff's legal documents or his access to the law library. Id. at 4-5. Instead, they both simply told plaintiff to "take [the matter] up with Zuniga." See id. As supervisors of Zuniga who had been made fully aware that Zuniga was in the process

2

of violating plaintiff's constitutional rights, plaintiff contends that defendants Griffith and Williams had a duty to intervene and stop the violation. Id.

The FAC states that plaintiff was permitted to retrieve his property that afternoon. Id. at 3. However, being deprived of his legal property and being denied access to the prison law library during that period prevented plaintiff from being able to timely file objections and/or challenges to the Ninth Circuit's grant of an adverse motion in case he was litigating. Id. at 3-5.

### III.   THE FIRST AMENDED COMPLAINT STATES A CLAIM FOR VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHT TO ACCESS THE COURTS

Inmates have a fundamental constitutional right of access to the courts in criminal, habeas, and civil rights matters. See Lewis v. Casey, 518 U.S. 343, 346, 354 (1996). To state a claim, a prisoner must establish that he suffered an actual injury. Id. at 349. The injury requirement is satisfied where a prisoner is prevented from meeting a filing deadline or presenting a claim in a pending case. Id. at 348; see also Christopher v. Harbury, 536 U.S. 403, 415-16 (2002). The allegations of the FAC are sufficient to state an access to courts claim against Officer Zuniga.[1]

The claim also lies against Zuniga's named supervisors, Griffith and Williams. Although there is no vicarious liability under § 1983, a supervisor is liable for his own acts or omissions. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). "A supervisor is . . . liable for constitutional violations of his subordinates if he participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). The allegations of the FAC indicate that Williams and Griffith "acquiescence[d] in the constitutional deprivations of which the complaint is made[.]" Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Accordingly, plaintiff had adequately alleged supervisory liability for the alleged denial of access to courts.

Accordingly, IT IS HEREBY ORDERED that:

1. In accordance with 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), service of the first amended complaint (ECF No. 16) and the cognizable claims therein is appropriate;

---

[1] Plaintiff characterizes the claim in multiple, alternative ways, see id. at 3, but the facts are consistent with a denial of access to court and the additional language is mere surplusage.

2. Plaintiff has stated cognizable claims First Amendment claims (Claims One through Three) against the following CSP – Solano employee defendants:

- Correctional Officer Zuniga;
- Correctional Officer Griffith, a sergeant, and
- Correctional Officer Williams, a lieutenant.

3. If defendants either waive service or are personally served, they are required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

Under separate order, the court shall direct that service be initiated on these defendants under the court's E-Service Pilot Program for civil rights cases for the Eastern District of California.

DATED: August 20, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE